**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **STEPHANIE LAFOLLETTE,** | |
| **Plaintiff,** | |
| **v.** | **1:16-cv-2592-WSD** |
| **ROBAL, INC.,** | |
| **Defendant.** | |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Walter E. Johnson's

Final Report and Recommendation [12] ("R&R").  The R&R recommends the

Court grant Defendant RoBal, Inc.'s Motion to Dismiss [4].  Also before the Court

are Plaintiff Stephanie LaFollette's ("Plaintiff") Objections to the R&R [15].

**I.     BACKGROUND**

A.     Facts[1]

On or about November 2015, Plaintiff applied for employment with

Defendant.  (Compl. ¶ 14).  As part of that application, Plaintiff completed

---

[1]     The facts are taken from the R&R and the record.  The parties have not
objected to any specific facts in the R&R, and the Court finds no plain error in
them.  The Court thus adopts the facts set out in the R&R.  See Garvey v. Vaughn,
993 F.2d 776, 779 n.9 (11th Cir. 1993).

Defendant's "Employee Applicant Background Check Authorization/Order Form" (the "Form").  (Compl. ¶ 15; <u>see also</u> Compl. Ex. D [1.4] (copy of Form)).  The Form states that "[t]he undersigned (i) confirms that it [sic] has authorized the above named Client to obtain a background check for employment purposes including, without limitation, a consumer report and criminal background check on the undersigned."  (Compl. ¶ 16).  The Form also states in a separate paragraph the following:

> **THE UNDERSIGNED RELEASES AND HOLDS HARMLESS INFORMATION ON DEMAND, INC. AND ITS AGENTS AND REPRESENTATIVES, AND ALL ENTITITES AND INDIVIDUALS INVOLVED IN REPORTING INFORMATION ABOUT THE UNDERSIGNED, FROM ANY AND ALL CLAIMS BY, OR LIABILITY TO, THE UNDERSIGNED THAT MAY RESULT FROM, ARISE OUT OF, OR IN CONNECTION WITH THE CHECK AND CONSENTS TO THE ABOVE NAMED EMPLOYER TO [SIC] PERFORM PERIODIC BACKGROUND CHECKS FOR THE DURATION OF MY EMPLOYMENT WITH THIS COMPANY.**

(Compl. ¶ 17 (capital letters and bold in original)).

The Form states that defendant certifies that it "has provided to the subject of the Background Report a clear and conspicuous written disclosure, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes."  (Compl. ¶ 18).  Plaintiff alleges that Defendant never provided her with a document that consists solely of the

disclosure that it may obtain a consumer report for employment purposes. (Compl. ¶ 19).  On November 25, 2015, Defendant obtained Plaintiff's consumer report from a consumer reporting agency called Information on Demand.  (Compl. ¶ 20).

### B.   Procedural History

On July 18, 2016, Plaintiff filed her Complaint on behalf of herself and a putative class, asserting that Defendant violated the Fair Credit Reporting Act's ("FCRA") "stand-alone disclosure requirement," 15 U.S.C. § 1681b(b)(2)(A). Plaintiff does not claim that she or the putative class suffered any actual damages, but seeks instead statutory damages, costs, and attorneys' fees.  (Compl. ¶¶ 37-38). On September 28, 2016, Defendant filed its Motion to Dismiss, arguing that Plaintiff lacks standing to sue under the Supreme Court's decision in Spokeo, Inc. v. Robins, 136 S. Ct. 1540 (2016).

On November 21, 2016, the Magistrate Judge issued his R&R.  The Magistrate Judge found that the weight of authority holds that a plaintiff who receives the disclosure required under the FCRA, but not in the format required by the FCRA, has not suffered a sufficiently concrete injury to have Article III standing.

On December 9, 2016, Plaintiff filed her Objections to the R&R.  Plaintiff argues that Spokeo did not alter standing jurisprudence, and that the Magistrate

Judge erred in finding that a plaintiff who receives the disclosure required under

the FCRA, but not in the format required by the FCRA, has not suffered a

sufficiently concrete injury to have Article III standing.

## II.    DISCUSSION

### A.    Legal Standards

#### 1.    Review of a Magistrate Judge's Report and Recommendation

After conducting a careful and complete review of the findings and

recommendations, a district judge may accept, reject, or modify a magistrate

judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams

v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge

"shall make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made."  28 U.S.C.

§ 636(b)(1).  Where no party has objected to the report and recommendation, the

Court conducts only a plain error review of the record.  United States v. Slay,

714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).  Plaintiff filed detailed

objections, and the Court conducts its *de novo* review.

#### 2.    Motion to Dismiss Standard

On a motion to dismiss, the Court must "assume that the factual allegations

in the complaint are true and give the plaintiff[] the benefit of reasonable factual

inferences."  Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir.

2010).  Although reasonable inferences are made in the plaintiff's favor,

"'unwarranted deductions of fact' are not admitted as true."  Aldana v. Del Monte

Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting S. Fla. Water

Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996)).  Similarly, the

Court is not required to accept conclusory allegations and legal conclusions as true.

See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010)

(construing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly,

550 U.S. 544 (2007)).

      "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  Mere "labels and

conclusions" are insufficient.  Twombly, 550 U.S. at 555.  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged."

Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  This requires more than

the "mere possibility of misconduct."  Am. Dental, 605 F.3d at 1290 (quoting

Iqbal, 556 U.S. at 679).  The well-pled allegations must "nudge[] their claims

across the line from conceivable to plausible." Id. at 1289 (quoting Twombly, 550

U.S. at 570).

B.    Analysis

The FCRA provides that a person may not procure a consumer report, or

cause a consumer report to be procured, for employment purposes with respect to

any consumer, unless—

> (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

> (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

15 U.S.C. § 1681b(b)(2)(A)(i)-(ii) (emphasis added).

The allegations of the Complaint and the Form itself show that:

(1) Defendant provided a disclosure to Plaintiff that a consumer report may be

obtained for employment purposes before Defendant procured a report; and

(2) Plaintiff authorized in writing the procurement of that report.  Plaintiff does not

allege that the disclosure was misleading or confusing, that she was unaware that a

consumer report was being requested, or that Defendant used the consumer report

inappropriately.

In addition to the required disclosure, the Form also includes "extraneous information," such as the release and hold harmless paragraph.  Plaintiff contends Defendant violated the FCRA's "stand-alone disclosure requirement," that is, Defendant failed to place the disclosure in a "document that consists solely of the disclosure" as required under 15 U.S.C. § 1681b(b)(2)(A)(i).  The question here is whether Plaintiff has Article III standing to pursue her claim that Defendant violated the FCRA's stand-alone disclosure requirement.

In Spokeo, the Supreme Court reiterated that a plaintiff invoking federal jurisdiction must establish:  (1) an injury in fact; (2) fairly traceable to the challenged conduct of the defendant; and (3) likely to be redressed by a favorable judicial decision.  136 S. Ct. at 1547.  Defendant argues Plaintiff has not established that she suffered an injury in fact.  The injury in fact element requires a plaintiff to show that she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."  Id. at 1548.  For an injury to be particularized, it "must affect the plaintiff in a personal and individual way."  Id.  To be concrete, an injury must be "de facto"—that is, it must be real; it must actually exist.  Id.  Intangible injuries can be concrete.  Id. at 1549.  A bare procedural violation of a statute like the FCRA, however, does not satisfy the "concrete" element for Article III standing,

7

because a violation of the FCRA's procedural requirements may result in no harm. Id. at 1550.

Plaintiff asserts that, because she was not provided with the statutorily mandated information in the format required, she sustained particularized and concrete harm in the form of an informational injury and an invasion of her privacy, both of which are sufficient for Article III standing.  As an initial matter, the Court agrees with the Magistrate Judge that the weight of authority holds that a bare violation of the stand-alone disclosure requirement does not, in itself, constitute an injury in fact.[2]  The Court acknowledges, however, that there is authority to the contrary, and the matter is not settled in federal courts, including in our Circuit.[3]

_____

[2]     See, e.g., In re Michaels Stores, Inc., No. 2615, 2017 WL 354023 (D.N.J. Jan. 24, 2017); Tyus v. U.S. Postal Serv., No. 15-cv-1467, 2017 WL 52609, at *6 (E.D. Wis. Jan. 4, 2017); Lee v. Hertz Corp., No. 15-cv-04562-BLF, 2016 WL 7034060, at *5 (N.D. Cal. Dec. 2, 2016); Kirchner v. First Advantage Background Servs. Corp., No. CV 2:14-1437 WBS EFB, 2016 WL 6766944, at *3 (E.D. Cal. Nov. 14, 2016); Shoots v. iQor Holdings US Inc., No. 15-cv-563 (SRN/SER), 2016 WL 6090723, at *5-8 (D. Minn. Oct. 18, 2016); Nokchan v. Lyft, Inc., No. 15-CV-03008 JCS, 2016 WL 5815287, at *6 (N.D. Cal. Oct. 5, 2016); Landrum v. Blackbird Enters., LLC, No. CV H-16-0374, 2016 WL 6075446, at *4 (S.D. Tex. Oct. 3, 2016); Fisher v. Enter. Holdings, Inc., No. 4:15-cv-00372 AGF, 2016 WL 4665899, at *4 (E.D. Mo. Sept. 7, 2016); Smith v. Ohio State Univ., No. 2:15-cv-3030, 2016 WL 3182675, at *1, 4 (S.D. Ohio June 8, 2016).

[3]     See, e.g., Hargrett v. Amazon.com DEDC LLC, No. 8:15-cv-2456-T-26EAJ, 2017 WL 416427, at *4 (M.D. Fla. Jan. 30, 2017); Moody v. Ascenda USA Inc.,

1.      Informational Injury

The Supreme Court has held that "a plaintiff suffers an 'injury in fact' when the plaintiff fails to obtain information which must be publicly disclosed pursuant to a statute." Fed. Election Comm'n v. Akins, 524 U.S. 11, 21 (1998).  Spokeo reaffirmed this principle.  See Spokeo, 136 S. Ct. at 1549-50.

In support of her argument that Plaintiff suffered an informational injury, Plaintiff relies on the Eleventh Circuit's decision in Church v. Accretive Health, Inc., 654 F. App'x 990 (11th Cir. 2016).  In Church, the Eleventh Circuit applied Spokeo in an FDCPA case.  The plaintiff alleged that a collection agency mailed a collection letter to the plaintiff which failed to include the disclosures required by Section 1692e(11). Id. at 994.  The Eleventh Circuit found that such a violation was sufficient for standing, because "the invasion of [the plaintiff's] right to receive the disclosures is not hypothetical or uncertain; [the plaintiff] did not receive information to which she alleges she was entitled." Id.  The court advised that although such an informational injury may not have resulted in tangible

No. 16-CV-60364-WPD, 2016 WL 5900216 (S.D. Fla. Oct. 5, 2016); Meza v. Verizon Commc'ns, Inc., No. 1:16-cv-0739 AWI MJS, 2016 WL 4721475, at *3 (E.D. Cal. Sept. 9, 2016).

economic or physical harm, "the Supreme Court has made clear [that] an injury need not be tangible to be concrete." Id. at 995.

As an initial matter, the Court notes that the Church decision is not published, and it is thus not binding on the Court. See Bravo v. United States, 532 F.3d 1154, 1164 n. 5 (11th Cir.2006) (unpublished opinions are not binding precedent). The Court also finds that Plaintiff's reliance on Church is misplaced, because the facts and the violation at issue are different. In Church, the violation at issue was a failure to receive a required disclosure. Here, Plaintiff does not argue that she did not receive the information required by the FCRA; she asserts that she did not receive the information in the precise *form* required under the FCRA.

As the Southern District of Texas recently explained, "[a] statutory right to information is substantive. A statutory right to receive that information in a particular format is procedural." Landrum v. Blackbird Enters., LLC, No. cv H-16-374, ⸺ F. Supp. 3d ⸺, 2016 WL 6075446, at *4 (S.D. Tex. Oct. 3, 2016) (emphasis in original). Put another way, "[t]he *goal* of the stand-alone requirement is a substantive one:  to ensure that certain information is in fact conveyed clearly to job applicants. The *means* chosen to implement that goal, however, are purely formal:  the portion of the statute at issue prescribes the physical format that the disclosure must take." In re Michaels Stores, Inc., Civ. No. 14-7563 (KM) (JCB),

2017 WL 354023, at *6 (D. N.J. Jan. 24, 2017); see also Albu, 1:15-cv-412 ([63] at

30-32) (finding that Church did not apply to the stand-alone disclosure requirement

because the plaintiff in Church did not receive the required disclosures and was, in

fact, deprived of information Congress deemed necessary for the protection of

consumers).

Plaintiff here does not allege that she has suffered the harm addressed by

Congress's promulgation of the stand-alone disclosure rule, namely an applicant's

failure to understand that he or she was authorizing an employer background

check.  Plaintiff does not allege the form of the disclosure caused her confusion or

caused her to fail to understand the disclosure.  "Where, as here, plaintiffs do not

allege that they did not see the disclosure, or were distracted from it, the

allegations amount to no more than a bare procedural violation of the stand-alone

requirement[,]" and Plaintiff's allegations do not confer standing on an

informational injury theory.  Id. at *8-9; see also Landrum, 2016 WL 6075446, at

*4 ("[Plaintiff]  has pled only a bare procedural violation."); accord

Mitchell v. WinCo Foods, LLC, No. 1:16-cv-00076-BLW, 2017 WL 901093, at

*2-3 (D. Idaho Mar. 7, 2017); Fields v. Beverly Health & Rehab. Servs., Inc., No.

CV 16-527, 2017 WL 812104, at *6 (D. Minn. Mar. 1, 2017); Albu v. The Home

Depot, Inc., 1:15-cv-412-ELR (N.D. Ga. Nov. 2, 2016) (R&R adopted March 20,

2017); cf. Nicklaw v. Citimortgage, 839 F.3d 998, 1003 (11th Cir. 2016) ("[T]he

requirement of concreteness under Article III is not satisfied every time a statute

creates a legal obligation and grants a private right of action for its violation . . . .

A plaintiff must suffer some harm or risk of harm from the statutory violation to

invoke the jurisdiction of a federal court.").[4]

>       2.      Invasion of Privacy

Plaintiff next argues that, by violating the stand-alone disclosure

requirement, Defendant invaded her privacy, and that this invasion of her privacy

confers Article III standing.  "[A]n invasion of consumers' privacy was among the

harms that Congress identified and sought to prevent by passing the FCRA."  In re

Michaels Stores, 2017 WL 354023, at *9 & n.17 (citing, among others,

Safeco v. Burr, 551 U.S. 47, 52, 127 S. Ct. 2201, 167 L.Ed. 2d 1045 (2007)

("Congress enacted FCRA ... to protect consumer privacy.").

---

[4]      In finding that a bare violation of the stand-alone disclosure requirement is
sufficient for standing, the court in Hargrett v. Amazon.com DEDC LLC, No.
8:15-cv-2456-T-26EAJ, 2017 WL 416427, at *4 (M.D. Fla. Jan. 30, 2017) relied,
in part, on Church for the proposition that not receiving information to which one
is statutorily entitled is a "concrete" injury.  For the reasons stated above, the Court
finds Church does not apply here, and respectfully disagrees with the holding in
Hargrett.

With respect to the question whether a bare violation of the stand-alone

disclosure requirement can result in an invasion of privacy for purposes of

standing, the District of New Jersey cogently explains:

> Everyone agrees that an applicant would have standing under the
> FCRA if the employer simply obtained a credit report without telling
> the applicant, and without the applicant's consent.  On the other hand,
> the applicant's consent, after being informed that the employer would
> be seeking such a report, vitiates any claim of a privacy violation.
> Either way, the issue hinges on whether the applicant received
> disclosure before consenting.  The employer's procurement of a
> consumer report would not be unauthorized (and thus an invasion of
> privacy) unless the applicant was *in fact* denied disclosure.  That
> Michaels did not comply with the stand-alone requirement, unless it
> *resulted* in a deprivation of disclosure, adds nothing.  Plaintiffs'
> theory collapses on itself; without the addition of nondisclosure in
> fact, it is indistinguishable from a bare procedural violation.

Id. at *10.  The court continues:

> Plaintiffs' position amounts to a contention that a violation of the
> standalone requirement automatically implies that the credit report is
> unauthorized.  That principle, if accepted, "would raise every
> technical violation of [the FCRA] to the realm of a major substantive
> harm.  This is a leap too far, and is directly contradicted by Spokeo,
> which made clear that some subset of violations are too small to
> implicate—on a standing level—the interests protected by the larger
> statutory framework."  Shoots v. iQor Holdings US Inc., No. 15-CV-
> 563 (SRN/SER), 2016 WL 6090723, at *4 (D. Minn. Oct. 18, 2016)
> (citing Spokeo, 136 S. Ct. at 1550) (holding that plaintiff alleging
> violation of the FCRA's stand-alone disclosure requirement lacked
> standing).

Id.; see also Landrum, 2016 WL 6075446, at *4 (holding that plaintiff did not

allege facts to support standing based on invasion of privacy where plaintiff did not

13

allege that he did not know what he was authorizing or that he did not, in fact

authorize the report).

The Court finds the reasoning of the In re Michaels court, and other courts

that have reached a similar conclusion, sound.  Plaintiff does not allege that she did

not actually sign the Form authorization, that she did not know what she was

authorizing, or that she did not read the disclosure on the Form.  In other words,

she does not allege that she actually suffered an invasion of privacy when

Defendant procured her consumer report after receiving Plaintiff's authorization.

The violation she alleges is purely procedural.  The Court finds that the Plaintiff

fails to allege that she suffered an invasion of privacy.

Because Plaintiff fails to show that she suffered either an informational

injury or an invasion of her privacy, Plaintiff fails to show that she suffered the

particularized and concrete harm necessary to establish standing under Article III.

In Spokeo, the Supreme Court made it clear that "a violation of one of the FCRA's

procedural requirements may result in no harm," in which case a plaintiff will lack

Article III standing.  136 S. Ct. at 1549.  As the Magistrate Judge concluded, "[i]f

that language is to be given any meaning, it must apply to cases like this one,

where the plaintiff challenges only extraneous information in an otherwise clear

and conspicuous FCRA form and concedes that the language did not confuse her or

14

alter her informed consent." (R&R at 11).  Plaintiff here lacks Article III standing, the Court lacks subject-matter jurisdiction over this action, and Defendant's Motion to Dismiss is granted.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Walter E. Johnson's Final Report and Recommendation [12] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff Stephanie LaFollette's Objections to the R&R [15] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant RoBal, Inc.'s Motion to Dismiss [4] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**SO ORDERED** this 30th day of March, 2017.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE